IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALICE R. BOYD                                                                                    PLAINTIFF

NO. 1:20-CV-00159-JMV

COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

**MEMORANDUM OPINION**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a decision of the Commissioner of the Social Security Administration terminating disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that for the reasons set out below, this case should be remanded for further proceedings.

**Background**

Plaintiff filed for Title II disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401, 1381 et seq. Here, the most recent favorable medical decision finding Plaintiff disabled was dated August 12, 2004, which decision found she met Listing 12.04A1 (major depressive disorder). On March 17, 2016, the agency found that Plaintiff was no longer disabled. Upon reconsideration after a disability hearing by a state agency disability hearing officer, the agency upheld the determination that Plaintiff was no longer disabled as of March 17, 2016. Plaintiff timely requested a hearing before an ALJ, where she appeared and testified without the assistance of counsel.

In her July 8, 2019, decision, the ALJ found that Plaintiff no longer satisfied Listing 12.04A1, and thus, experienced medical improvement related to her ability to work. The ALJ further determined that the claimant was not disabled as of March 17, 2016, because she had the RFC to perform work available in significant numbers in the national economy. Plaintiff requested Appeals Council review of the ALJ's decision. On April 28, 2017, the Appeals Council declined review. The ALJ's decision stands as the Commissioner's final decision and is subject to judicial review pursuant to 42 U.S.C. § 405(g).

### Judicial Review Standard

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court recently explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah*

2

*v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Discussion

### A. Termination of Benefits

Once a claimant qualifies for disability benefits and has received those benefits for a period of time, the Social Security Administration is required to review their case periodically to determine whether their previous disability status continues or should end. *See* 20 C.F.R. § 404.1594(a); *Ames III v. Astrue*, No. 2:10-CV-0244, 2012 WL 931346, at *4 (N.D. Tex. Mar. 13, 2012), adopted by 2012 WL 946671 (N.D. Tex. Mar. 19, 2012). If the claimant's condition has improved, his eligibility to receive disability benefits may terminate. *See Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991) (citing 42 U.S.C. § 423(f)).

The Commissioner utilizes an eight-step sequential process for determining whether disability benefits should be terminated:

(1) whether the claimant is presently engaging in substantial gainful activity (if so, the disability has ended and the analysis ends);

(2) whether the claimant has an impairment or combination of impairments that meets, or is equivalent to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant remains disabled and the analysis ends);

(3) whether medical improvement has occurred; (if not, the claimant remains disabled and the analysis ends);

3

(4) whether the medical improvement is related to the claimant's ability to work (if not, the analysis proceeds to step five; if so, the analysis proceeds to step 6);

(5) whether an exception to medical improvement applies (if so, the analysis proceeds to the next step; if not, the claimant's benefits cease and the analysis ends);

(6) whether the claimant has a severe impairment or a combination of impairments that is severe (if not, benefits cease and the analysis ends);

(7) whether the claimant can perform past relevant work given his or her current residual functional capacity (RFC) (if so, benefits cease and the analysis ends); and

(8) whether the claimant can perform other work (if not, the claimant remains disabled).

*See* 20 C.F.R. § 404.1594(f).

In a disability termination case, the Commissioner bears the burden of proof at all stages. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner must prove that the disability has ended and that the claimant is no longer disabled. *Id.*

## B. Issues for Review

Plaintiff presents two issues for this appeal:

1. Did the ALJ err when she failed to properly consider all the evidence?

2. Did the ALJ err by failing to properly evaluate if Plaintiff's condition had medically improved?

The Court finds that because it has answered Issue 2 in the affirmative and intends to remand this case for further proceedings, there is no need to address Issue 1.

The ALJ noted that on the comparison point date of August 12, 2004, Plaintiff had medically determinable impairments of generalized anxiety disorder, major depressive disorder, and post-traumatic stress disorder that were found to meet Listing 12.04A1 of 20 C.F.R. Part

404, Subpart P, Appendix 1. She determined that since March 17, 2016, Plaintiff had current

MDIs of bipolar disorder, PTSD, degenerative disc disease of the cervical spine, degenerative

joint disease of the bilateral knees, fibromyalgia, hypertension, gastroesophageal reflux disease

hypothyroidism, and history of Guillain-Barre syndrome with chronic inflammatory

demyelinating polyneuropathy. The ALJ found Plaintiff experienced medical improvement

because her impairments no longer satisfied a listing. Plaintiff contends the ALJ did not consider

prior medical evidence in determining that she experienced medical improvement. Pl.'s Br. 9-11.

In her brief Defendant argues that because substantial evidence supports the ALJ's conclusion

Plaintiff no longer met a listing, "not discussing the evidence from 2004 or before was harmless

error at most." Def.'s Br. 9. The Court is not persuaded by Defendant's argument.

In this case, the ALJ noted that at the time of the most favorable decision dated August

12, 2004, known as the comparison point decision ("CPD"), Plaintiff had mental impairments

meeting Listing 12.04A1. The ALJ further determined that since March 17, 2016, Plaintiff did

not have an impairment that met or medically equaled any listed impairment. She then found

medical improvement occurred by March 17, 2016, because there had been a decrease in the

medical severity of the claimant's mental impairments present at the time of the CPD, and that

the medical improvement was related to the ability to work because Plaintiff no longer satisfied

the listing she met on the CPD.[1] The ALJ provided the following reasoning:

---

[1] If the fact finder finds that a listing is no longer met and finds that there was medical improvement, it is presumed that the medical improvement is related to the claimant's ability to work. 20 C.F.R. § 404.1594(b)(2)(iv)(A) ("If medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make our most recent favorable decision, we will find that the medical improvement was related to your ability to work.").

**6. Medical improvement occurred by March 17, 2016 (20 CFR 404.1594(b)(1)).**

The medical evidence supports a finding that, by March 17, 2016, there had been a decrease in medical severity of the impairments present at the time of the CPD. For example, mental status examinations prior to this date typically described the claimant to be calm, cooperative, or "extremely pleasant" and to have normal mood and affect, intact eye contact, clear speech, and adequate grooming and dressing (1F/51; 3F/11, 73; 5F/34, 134; 6F/23; 8F/2; 9F/10; 36F/51, 110). They also documented the claimant to be in no acute distress, appear attentive, and have normal memory and good judgment (3F/84; 6F/15, 23, 63, 91; 8F/2; 36F/51, 110; 42F/4). In addition, the record shows that the claimant did not require hospitalization and did not often—if ever—seek therapy prior to March 17, 2016 (1F-42F). Moreover, in August 2011, she reported being in the process of finishing her online degree from Mercer University, while in January 2015, she reported taking care of a friend's bipolar teenage daughter—both of which are activities that suggest intact mental functioning (10F/19; 36F/117). This evidence demonstrates that the claimant's generalized anxiety disorder, major depressive disorder, and PTSD decreased in severity by March 17, 2016.

Under the regulations, medical improvement is defined as "any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that you were disabled." 20 C.F.R. § 404.1594(c)(1). In determining whether medical improvement has occurred, an ALJ is tasked with comparing the current medical severity of the recipient's impairments present at the time of the CPD to the medical severity of those same impairments at the time the CPD was rendered. *See id.* ("[medical improvement] is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)").

In this case, though the ALJ referenced the CPD and made a finding that medical improvement had occurred, the ALJ made no comparison between the prior evidence and the current evidence. The ALJ merely assessed evidence of the claimant's current condition. Indeed, it appears that neither the CPD itself nor any medical records supporting that decision are in the file. Nor were any prior medical records listed as exhibits to the ALJ's decision. Magistrate Judge Percy resolved a similar issue in *Smith v. Commissioner*, No. 3:16CV212-RP, 2017 WL

2292795, (N.D. Miss. May 24, 2017). In that case, Judge Percy wrote:

> In this case, the ALJ determined the plaintiff's most recent favorable medical decision finding him to be disabled, or the "comparison point decision" (CPD), occurred on August 17, 2006. In making his determination at step three that medical improvement occurred as of September 30, 2012, the ALJ apparently did not have the benefit of the prior medical evidence that had resulted in the CPD. Although the ALJ recites several medical conditions and symptoms purportedly experienced by the plaintiff at the time of the CPD, the ALJ cites no supporting medical evidence. Indeed, the items listed as exhibits to the ALJ's decision include no medical records pertaining to the CPD. . . . In fact, the record in this case does not appear to include any medical records pertaining to the CPD. The court can only conclude that the ALJ's finding of medical improvement in this case was not "determined by a comparison of prior and current medical evidence" as is required by 20 C.F.R. § 404.1594(c)(1).
>
> . . .
>
> Because the ALJ did not consider prior medical evidence as is required for a finding of medical improvement, the ALJ's finding in that regard is not supported by substantial evidence and was based on the application of an improper legal standard.

*Smith*, 2017 WL 2292795, at *3 (docket citations omitted). Because I find Judge Percy's reasoning applicable to the facts of this case, I conclude the ALJ erred at step three of the sequential evaluation process, and Plaintiff was prejudiced thereby. *See also Garcia v. Colvin*, No. 3:14cv4202-L(BH), 2016 WL 1273461, at *14 (N.D. Tex. March 31, 2016) ("[s]ubstantial evidence to support a finding of medical improvement would seem to require at least a brief discussion of the specifics of plaintiff's original impairment and current evidence of the medical severity of that impairment.").

Based on the foregoing, this case should be reversed and remanded for a proper determination of whether medical improvement occurred.

Signed this 2nd day of September, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge

7